IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PHILLIP JAY STERLING, JR.                                          PETITIONER

v.                              Case No. 6:21-cv-06049

TRAVIS HILL, Sheriff,                                              RESPONDENT
Pike County, Arkansas

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November April 27, 2021, Petitioner, Phillip Jay Sterling, Jr., (Sterling) filed the current

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Hill

filed a response on June 15, 2021. ECF No. 9. This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations

for the disposition of the case. The Court has reviewed the Petition and Response and finds this

Petition should be **DENIED**.

1.    **Procedural Background[1]**:

Sterling provides very little information in his Petition regarding the date of his arrest, or

the underlying cause of that arrest. It appears he was in custody in the Pike County Arkansas

Detention Center at the time he filed the instant petition.   He asserts he was never arraigned or

charged with any crime in Pike County, Arkansas. ECF No. 1, p. 1.   Sterling also claims he was

"sentenced to no bail." *Id.* He further claims the Pike County Circuit Court has "no jurisdiction"

over him. *Id.* Finally, Sterling makes the following general claims about his incarceration in the

Pike County Detention Center:  (1) he was never read the Miranda warning; (2) he was denied his

right to travel; (3) he was kidnapped or abducted by an agent of the State of Arkansas; (4) he was

---

[1] The "Procedural Background" is taken from the docket and the pleadings filed in this case.

denied access to a law library; and (5) he was denied a hearing by the state courts of Pike County, Arkansas.  ECF No. 1, p. 5.

Respondent filed his Response as directed by the Court on June 15, 2021.  ECF No. 9. Respondent provided records from Pike County Arkansas, as well as copies of warrants from the State of Texas and State of Arkansas showing Sterling's custody status.  ECF No. 9-1 and 9-2. Based on the Response and attached exhibits, Sterling was in the custody of Pike County Arkansas because of a fugitive warrant issued by Tarrant County, Texas.  ECF No. 9. On April 2, 2021, Sterling was arrested and booked into the Pike County Arkansas Detention Center on a fugitive warrant issued by the State of Texas after being indicted for Sexual Abuse of a Child Continuous - Under 14 Years of Age in Tarrant County, Texas on June 19, 2019.  On May 14, 2021, the Governor of the State of Texas formally requested that Sterling be turned over to the State of Texas for trial on the Texas indictment. ECF No. 9-2, p.3. On June 1, 2021, the Governor of the State of Arkansas issued his order directing the Respondent to deliver Sterling to the Sheriff of Tarrant County, Texas. ECF No. 9-2, p.2.  Sterling was released to the custody of the Sheriff of Tarrant County, Texas on June 1, 2021. ECF No. 9-1.  Sterling has not been in the custody of the Respondent since that date.

2.    **Discussion**:

Sterling seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254, from his incarceration in Pike County, Arkansas. Section 2254 provides for relief for persons who are "in custody" of a state official in violation of the United States Constitution or laws of the United States.  The Respondent asserts the Petition is now moot because Sterling has been released from his custody.

A federal *habeas corpus* petition does not become moot solely because the petitioner is no longer physically "in custody" of the respondent.  *See Spencer v Kemna*, 523 U.S. 1, 7 (1998).

Rather, the issue is "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. 'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (citations omitted). This means the petitioner, throughout the proceeding, must have an identifiable injury traceable to the respondent and likely to be redressed by a favorable outcome of the *habeas* proceeding. *Id.* (citations omitted).

Further, "[w]hen a person seeks to challenge his proposed extradition in a *habeas corpus* action brought in a federal court in the asylum state, the issues open for review are extremely limited." *State ex rel. Bailey v. Shepard*, 584 F.2d 858, 860 (8th Cir. 1978). This general rule has long been the law, as Justice Holmes wrote in 1914:

> When, as here, the identity of the person, the fact that he is a fugitive from justice, the demand in due form, the indictment by a grand jury for what it and the governor (of the demanding state) allege to be a crime in that state, and the reasonable possibility that it may be such, all appear, the constitutionally required surrender is not to be interfered with by the summary process of *habeas corpus* upon speculations as to what ought to be the result of a trial in the place where the Constitution provides for its taking place.

*Drew v. Thaw*, 235 U.S. 4432, 440 (1914). The only questions are: (1) was the crime committed in the state seeking custody of the petitioner; (2) is the person in custody the person charged with the crime; (3) was the petitioner in the demanding state at the time the alleged crime was committed; and (4) are the papers seeking custody of petitioner in the proper form? *See State ex rel. Bailey v. Shepard*, 584 F.2d at 861.

Here, Sterling was not in the custody of the State of Arkansas the result of any conviction or sentence. He was not subject to any sort of future collateral penalty because of any action of the State of Arkansas. Rather, he was in custody as a result of a fugitive warrant for his arrest

from the State of Texas. The documents submitted by Respondent show that Sterling is the person indicted in Texas with a felony crime committed in that state. Further, there are valid warrants or orders from the Governors of the State of Texas and the State of Arkansas directing Sterling be transferred to the Tarrant County, Texas, Sheriff. As such once he was transferred to the custody of the State of Texas, no further case or controversy existed between Sterling and the Respondent in this case. Quite simply there is no conviction here and thus no collateral consequences to Sterling's being in custody in Arkansas, while awaiting transfer to Texas on a fugitive warrant from that State. This Petition should be denied and dismissed as there exists no actual case or controversy between Petitioner and Respondent.

**3.**    **Conclusion**:

Sterling's Petition should be denied as moot for lack of a case or controversy.

**4.**    **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant petition (ECF No. 1) be **DENIED** and dismissed with prejudice.[2] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. ***See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984)*.

4

**DATED** this **28th day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE